IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO: 18-15850 |
| EDWARD GEORGE NIGHTINGALE, | ) |
| | ) Chapter 13 |
| Debtor. | ) |

## **ORDER**

AND NOW, this __29th__ day of August, 2019, upon Debtor's Motion to Sell Real Property known as 1408 Fox Gap Road, Borough of Bangor, Northampton County, Pennsylvania at private sale free and clear of liens and encumbrances, and pursuant to Section 363 Motion, and after notice to the standing Chapter 13 Trustee, the office of the U. S. Trustee, all creditors and parties in interest, and after a hearing thereon,

IT IS HEREBY **ORDERED**, that the Motion is granted. The Movant/Debtor is authorized to sell real estate located at 1408 Fox Gap Road, Borough of Bangor, Northampton County, Pennsylvania, more particularly described in Northampton County Recorder of Deeds Record Book 2005-1, Page 257606 at private pursuant to 11 U.S.C. §362(b) and the terms of the Agreement of Sale attached to the Motion as Exhibit "A" and to distribute the proceeds at settlement as follows:

1. Payment of the secured claim of The Bank Of New York Mellon, f/k/a The Bank Of New York As Trustee For Registered Holders Of CWABS, Inc., Asset-

Backed Certificates, Series 2007-12 being serviced by Carrington Mortgage Services LLC should be paid in full subject to a proper payoff at the time of closing.

2. Payment of ordinary and reasonable closing costs including but not limited to realty transfer taxes, recording fees, document preparation fees, express mail fees, other customary closing costs and a realtor's commission of $12,000.00 to Melchor Realty LLC;

3. Payment to Debtor of his $17,500 Homestead Exemption Claim.

4. Payment of the remaining proceeds together with Closing Disclosure to the Trustee for his administration to be remitted within three business days from Settlement.

5. Debtor is authorized to execute any and all documents and to perform any and all acts necessary to consummate the sale of the Property as authorized herein.

6. In the event the Settlement cannot be held on or before September 5, 2019, the Bank shall be free to proceed with a foreclosure sale as early as September 6, 2019.

7. To allow for the Settlement to be held on or before September 5, 2019, the 14 day period to appeal from entry of this Order pursuant to FRBP 8002(a)(1) is hereby waived.

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**